In the Matter of MANDALAY SHORES COOPERATIVE HOUSING ASSOCIA-TION, INC., Debtor.

MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOP-MENT and Samuel R. Pierce, Jr., Secretary of United States Department of Housing and Urban Development, Defendants.

Bankruptcy No. 81–547.
Adv. No. 81–281.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Aug. 5, 1981.

See also, 17 B.R. 31.

## ORDER ON APPLICATION FOR AN EMERGENCY PRELIMINARY INJUNCTION TO RESTRAIN DEFENDANTS FROM SELLING MANDALAY SHORES APARTMENTS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case filed under Chapter 11 of the Bankruptcy Code by Mandalay Shores Cooperative Housing Association, Inc. (Mandalay Shores). The matter under consideration is an Application filed by Mandalay Shores, the Plaintiff, which seeks to enjoin the Defendants, United States Department of Housing and Urban Development (HUD) and Samuel R. Pierce, Jr., the secretary of HUD from proceeding with the opening of bids which HUD invited for the sale of the apartment house complex known as Mandalay Shores Apartments. The complaint was filed by a non-profit corporation who unsuccessfully sought, and is still seeking, the acquisition of the apartment house from HUD.

This present action is based on the proposition that HUD is the owner and operator of an apartment house complex which was constructed by using crysotile firable asbestos as the acoustic ceiling material through-out the building which substance is determined to be 25–40% asbestos in weight. The corporate Plaintiff alleges that the Defendant, HUD, violated Title 42, U.S.C. § 1441, § 2 of the Housing Act of 1949 and 12 U.S.C., §§ 1701 et seq., especially § 1701z–11 by failing to provide a decent home and a suitable living environment for the members of the Association and violated its duty to maintain its rental property in a decent, safe, and sanitary condition.

The Court heard argument of counsel for the respective parties and considered the record, including an affidavit submitted in support of the Application and the court is of the opinion that Mandalay Shores is not entitled to the relief it seeks at this time for the following reasons:

■ The action sought to be prohibited is the opening of the bids for the sale of the apartment complex invited by HUD. The record fails to disclose anything which would warrant the conclusion that opening the bids would result in irreparable harm or injury to the corporate plaintiff. The gravamen of this complaint is the alleged failure of HUD to maintain the apartment house complex in a decent, safe and sanitary condition as a result of permitting the asbestos to remain as the acoustic ceiling material. This, according to Mandalay Shores, presents a grievous threat to health of the tenants which would in turn justify the injunctive relief. The difficulty of this proposition, however, is not the tenants who are the plaintiffs who seek a relief, but a corporate debtor who, of course, is not capable to suffer a personal injury and whose health cannot be threatened by any noxious substance simply because it has no biological health although its economic health might be in great jeopardy not because of the presence of asbestos. This being the case, it is clear that this is just one other way which this corporate Debtor seeks to thwart the efforts of HUD to sell this property. The argument that a provision of the corporate charter of the Debtor states that one of the purposes of the corpo-

ration is to promote the health and welfare of its members grants the Debtor corporation a right to file this lawsuit is without foundation. To permit this would be tantamount to recognizing that the members are the alter egos of the corporate debtor and the corporate debtor can use its position as a debtor in a Chapter 11 proceeding to utilize this forum to enforce a right of its non-debtor members. The fact that the corporate debtor itself is a tenant in the complex is, of course, of no consequence since as noted earlier no amount of asbestos could possibly cause any irreparable harm or damage to the corporate debtor.

█ Thus even assuming that at the final evidentiary hearing it is established that due to the presence of asbestos there exists a substantial health hazard, which by the way, is litigated in a separate law suit filed by some of the tenants, this Court is not the proper forum to consider that matter because this corporate Debtor is not a party to that action.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for an Emergency Preliminary Injunction to Restrain Defendants from Selling Mandalay Shores Apartment be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the complaint filed by Mandalay Shores Cooperative Housing Association, Inc. be, and the same hereby is, dismissed.